**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TRAVIS ROBBINS, K-90222** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **vs.** | )   **Case No. 12-cv-914-GPM** |
| | ) |
| **WARDEN HODGE,** | ) |
| **WARDEN STORM, and,** | ) |
| **UNKNOWN DENTIST** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

MURPHY, District Judge:

  Plaintiff, currently incarcerated at Jacksonville Correctional Center, is serving a five year sentence year sentence for aggravated battery, domestic battery, and forgery.  He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Hodge and Storm, Wardens at Lawrence Correctional Center, for alleged Eighth Amendment violations occurring at that facility.  Specifically, Plaintiff states that, at an unknown time in 2011, complications arose from a dental extraction performed by a dentist at Lawrence.  This resulted in pain and swelling for which the dentist provided Plaintiff penicillin and pain medication.  Plaintiff was advised the condition would eventually resolve itself.  Subsequently, Plaintiff transferred to Picnkeyville, his current facility, where he eventually underwent dental x-rays and oral surgery. Plaintiff claims that his medical treatment at Lawrence constitutes deliberate indifference to a medical need.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to articulate a colorable federal cause of action against Defendants for deliberate indifference to medical needs.

> In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'" *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985), *quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth [v. Franzen]*, 780 F.2d [645,] 652-53 [(7th Cir. 1985), *cert. denied*, 107 S.Ct. 71 (1986)]. Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653.

*Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987).

Even if the Court determined that Plaintiff's short-lived, and now resolved, discomfort constituted a serious medical need, Plaintiff fails to plead any facts indicating that his treatment with penicillin and painkillers was a deliberate effort by defendants to inflict pain upon him. Defendant has not pleaded facts indicating that any defendant violated his Eighth Amendment protections. Accordingly, these claims are dismissed.

In the body of his pleadings, Plaintiff names one John Doe Dentist as an additional Defendant, but fails to state any unconstitutional conduct relevant to John Doe Dentist. John Doe Dentist is dismissed with prejudice.

Plaintiff's pending motion to appoint counsel is denied as **MOOT** (Doc. 3).

**Disposition**

Plaintiff's claims against Defendants Hodge, Storm, and John Doe Dentist for deliberate indifference to a serious medical need fails to state a claim upon which relief can be granted and are **DISMISSED** from this action **with prejudice**.

2

Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of **28 U.S.C. § 1915(g)**.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  The Clerk of the Court is **DIRECTED** to **CLOSE THIS CASE.**

**IT IS SO ORDERED.**

**DATED:** September 17, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge